**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4664**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMI SANTANA BONNER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph Robert Goodwin,
District Judge.  (CR-03-76)

———————

Submitted:  February 18, 2005          Decided:  March 31, 2005

———————

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Charleston, West Virginia, for Appellant.  Kasey Warner, United
States Attorney, Stephanie L. Ojeda, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jimi Santana Bonner appeals the district court's order revoking his supervised release and imposing a six-month term of imprisonment and an additional one-year term of supervised release. Because we find no merit to Bonner's argument on appeal, we affirm.

Bonner asserts, as he did before the district court, that the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), invalidated the entire Sentencing Reform Act and therefore the district court did not have authority to impose or revoke any term of supervised release. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the Blakely decision to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the Sentencing Guidelines that is greater than a sentence based solely upon facts found by the jury. Booker, 125 S. Ct. at 752-56. Rather than totally invalidating the Guidelines, however, the Court held that the Guidelines are no longer binding on the district courts, but are advisory only. To effectuate this remedy, the Court severed two provisions of the Sentencing Reform Act (18 U.S.C. § 3553(b)(1), requiring sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e), setting forth standards of review on appeal). Sentencing courts are now required to consider the applicable guideline range, but

may "tailor the sentence in light of other statutory concerns . . . ." Booker, 125 S. Ct. at 757.

We conclude that Booker provides Bonner no grounds for relief. First, contrary to Bonner's argument, the Supreme Court did not totally invalidate the Sentencing Reform Act, but in fact left the great majority of the Act's provisions intact and legally effective. Booker, 125 S. Ct. at 764 ("The remainder of the Act 'function[s] independently.'"). More specifically, the provision of the Act that governs supervised release, 18 U.S.C.A. § 3583 (West 2000 & Supp. 2004), was not affected by Booker. Booker, 125 S. Ct. at 764-68. Finally, the change effected by Booker--making the Sentencing Guidelines merely advisory--was not a change in the manner in which the Guidelines were applied to revocations of supervised release pre-Booker. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) ("Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings.").

We accordingly affirm the order of the district court revoking Bonner's supervised release and imposing a term of six months of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -